## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                                    **CASE NO. 3:23-CR-00014-BSM-3**

**EDMOND DORSEY**                                                    **DEFENDANT**

### ORDER

Edmond Dorsey's pro se motion to vacate, set aside, or correct his sentence [Doc. No. 139] pursuant to 28 U.S.C. section 2255 is denied.

### I. BACKGROUND

Dorsey entered a plea of guilty to one count of bank robbery, he was sentenced to 78 months imprisonment and three years of supervised release.  Doc. Nos. 104, 124, and 127. Dorsey is now moving to vacate his sentence under 28 U.S.C. section 2255, claiming that his constitutional rights were violated because he received ineffective assistance of counsel.  *See* Doc. No. 139.

### II. LEGAL STANDARD

A federal inmate may petition the sentencing court to vacate, set aside, or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence was in excess of the statutory maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255(a).  Relief is reserved for "transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on

direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

## III. DISCUSSION

Dorsey's motion is denied because he is unable to show that his counsel was ineffective. To succeed on his claim, Dorsey must show that his lawyer's performance was deficient and that such deficient performance prejudiced his case. *See DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (quotation omitted). To prove the lawyer was deficient, Dorsey must show their performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Ineffective assistance of counsel claims are very difficult to prove. *See DeRoo,* 223 F.3d at 925.

A.      Pre-Plea Discussions

Prior to Dorsey's change of plea, he argues that his lawyer failed to "properly explain the likely advisory guideline range," but that she also informed him that he was "facing a sentence of 51-70 months imprisonment" and would likely "end up with a sentence in the 60 month range." Mot. Sentence Reduction, Doc. No. 139, at 3 and 7. Dorsey asserts that he relied on this information when deciding to enter a guilty plea and had his lawyer done "a correct investigation of the facts, laws, and circumstances . . . she would have determined that a higher sentence was viable." *Id.* at 7. Dorsey states that he would not have entered a guilty plea if his counsel had "given him correct advice." *Id*. at 13.

The lawyer's actions were reasonable because, at the time, the presentence investigation had not been conducted. The lawyer was only able to give an estimate of his

2

potential sentence. Even so, she correctly advised Dorsey of his guideline sentence because the PSR returned a guideline range of 57–71 months. PSR ¶ 56. Further, during the change of plea hearing, Dorsey stated that he was satisfied with his lawyer. *See* Change of Plea Hearing Audio Recording 3:15. I also informed Dorsey that his lawyer does not know what his potential sentence is, because the presentence investigation had not been done, but that his statutory maximum was twenty years imprisonment. *Id*. at 13:10–15:00. While the prediction of a 60 month sentence was incorrect, it was not unreasonable as it was within the guideline range. Even if the lawyer's actions were unreasonable, Dorsey failed to show that he was prejudiced. *Premo v. Moore*, 562 U.S. 115 (2011) ("must show 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'").

B.      Failure to Object at Sentencing

Dorsey claims that his lawyer was ineffective because she failed to object to the "improper application of sentencing enhancements." Mot. Sentence Reduction at 15. He claims there were enhancements "related to monetary loss and victim-related conduct" based on "overlapping conduct," requiring an objection. *Id.* at 16. In the plea agreement, Dorsey agreed to the only two enhancements that were applied at sentencing: (1) a two point increase because the property of a financial institution was taken and (2) a two point increase because the loss exceeded $95,000. Plea Agreement, Doc. No. 105, at 4; *see also* PSR ¶ 6. The lawyer's inaction was reasonable because these enhancements were previously agreed to by Dorsey, so there was no reason to object. Therefore this did not constitute ineffective

assistance of counsel.

## IV. CONCLUSION

There is no need to conduct an evidentiary hearing because the record conclusively shows that Dorsey is not entitled to relief. *See Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014). Furthermore, no certificate of appealability is issued because Dorsey has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

For these reasons, Dorsey's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. section 2255 is denied.

IT IS SO ORDERED this 1st day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE